UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**RANDY ALLEN MCHENRY** and
**CASSIE CORRINNA MCHENRY**,

Debtors.

Case No. **11-60709-13**

## MEMORANDUM of DECISION

At Butte in said District this 30th day of September, 2011.

In this Chapter 13 bankruptcy, after due notice, a hearing was held July 14, 2011, in Billings on confirmation of Debtors' Chapter 13 Plan filed April 29, 2011. Ralph Wood Wilkerson of Billings, Montana appeared at the hearing on behalf of the Debtors. The Chapter 13 Trustee, Robert G. Drummond of Great Falls, Montana, also appeared at the hearing. Bank of America, N.A., successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP filed an Objection to confirmation of the Debtors' Plan on July 9, 2011, on grounds Debtors' Plan provides for a prepetition arrearage of $4,400.00 when in fact the prepetition arrearage owed Bank of America, N.A. is $6,624.74 as reflected in Proof of Claim No. 12 filed June 8, 2011. Counsel for Bank of America, N.A. did not appear at the hearing.

At the July 14, 2011, hearing, the Trustee and Debtors' counsel requested leave to submit the Trustee's objection to confirmation of Debtors' Chapter 13 Plan on stipulated facts and issues with briefs to follow at agreed upon times. The parties filed their Stipulation on July 19, 2011. The Trustee filed a Supplemental Brief on July 25, 2011, and Debtors filed a Supplement Brief

on August 5, 2011. The matter is ready for decision.

This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Confirmation of Debtors' Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Memorandum includes the Court's findings of fact and conclusions of law as provided at F.R.B.P. 7052 (applying Fed. R. Civ. P. 52).

## FACTS

1. The parties stipulate to the following facts:

    A. The Debtors filed their Chapter 13 bankruptcy case in the United States Bankruptcy Court for the District of Montana on April 15, 2011.

    B. At the time they filed their bankruptcy petition, the Debtors also filed a statement of income - Form 22C. The Debtors' calculation indicates on Line 15, Annualized current monthly income, the amount of $391,188.00. This figure is based upon Debtors' Gross Self-Employment Income of $30,599.00 per month, as reported on Line 3 of Form 22C, plus $2,000.00 per month which Debtors pay themselves from that business. The applicable median family income represented on Line 16 for a family of six is $82,921.00.

    C. The Debtors made deductions from current monthly income including the following pertinent expenses:

        1. The Debtors completed Line 25B(b) by deducting the Average Monthly Payment and listing the amount of their mortgage payment in the amount of $2,173.00. The IRS Standard is

2

$1,012.00. Thus, the Debtors did not deduct anything for mortgage and rent expense on Line 25B(a).

2. The Debtors listed the sixty-monthly average payment for their 2009 Suburban on Line 28(b) in the amount of $818.51. This exceeded the IRS transportation standards of $496.00 (28a). Thus, the Debtors did not deduct anything on Line 28. The Debtors' only other vehicle is a 1972 Dodge Dart, which has no lien against it. Thus, the Debtors did not claim any second vehicle ownership expense on Line 29.

3. On Line 47, the Debtors deducted the payment for the 2009 Chevy Suburban in the amount of $818.51 (47a). The Debtors deducted their home mortgage payment in the amount of $2,173.00 (47b). The Debtors' Schedules A and D indicate that the home has a value of $300,000.00, with a remaining debt of $284,866.00 owed against it.

4. The Debtors calculated their monthly disposable income on Line 59 in the amount of -$466.70. On Line 57, the Debtors deducted "Regular Expenses from Operation of Business (Excluding Automobile Expense, and Owner Draw)" in the amount of $20,432.00, and "Estimated Tax Debt on Net Profit of Business" in the amount of $1,530.00.

2. This Stipulation is entered into for the purpose of defining the issues raised in the

Trustee's Objection to Confirmation and the Debtors' response to that Objection.

      3.   The parties also stipulate that the sole issue before the court should be whether the disposable income requirement authorizes deduction of home and automobile payments in excess of the IRS Standards and whether 11 U.S.C. § 707(b)(2)(A)(iii) is meant to aid in interpreting the Standards. Thus, it is stipulated that Paragraph 3 of the Trustee's Objection and the argument beginning on Page 4 of the Trustee's Brief is submitted for consideration by the court.

      4.   The Trustee does not intend to pursue the objection based on the applicable commitment period or feasibility contained in Pages 1 through 3 of his Brief at this time and therefore withdraws those objections.

      5.   The parties stipulate and agree that the issue before the court should be whether the IRS Standards serve as caps and whether 11 U.S.C. § 707(b)(2)(B)(iii) was intended to be a stand-alone expense deduction.

## ISSUE PRESENTED

In his Objection to Confirmation filed June 1, 2011, the Trustee urges the Court to deny confirmation of Debtors' Chapter 13 Plan on grounds Debtors' Plan fails to extend to the required applicable commitment period appearing at 11 U.S.C. § 1325(b)(4); that Debtors' Plan either is not feasible as required by 11 U.S.C. § 1325(a)(6) or Debtors need to make changes to their Form 22C computations to account for events that are known or are virtually certain to occur; and that the Internal Revenue Service Standards should serve as caps to the allowed deductions from current monthly income when calculating disposable income. As set forth in the Stipulation filed July 19, 2011, the Trustee withdraws, at this time, his feasibility and applicable commitment period objections to confirmation. Thus, the sole issue presented is whether the

4

disposable income requirement authorizes deduction of actual home mortgage and automobile payments in excess of the Internal Revenue Service Standards.

## APPLICABLE LAW

It is well established law in this Circuit that for a bankruptcy court to confirm a plan, "each of the requirements of section 1325 must be present and the debtor has the burden of proving that each element has been met." *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994); *In re Andrews*, 49 F.3d 1404, 1408 (9th Cir. 1995); *In re McSparran*, 410 B.R. 664, 668 (Bankr. D. Mont. 2009); *In re Tuss*, 360 B.R. 684, 690 (Bankr. D. Mont. 2007); *In re Tranmer*, 355 B.R. 234, 241 (Bankr. D. Mont. 2006). Section 1325(a)(1) requires confirmation of a plan if "the plan complies with the provisions of this chapter and with the other applicable provisions of this title." Therefore, the Debtor has the burden of proof on all elements of confirmation. *Meyer v. Hill (In re Hill)*, 268 B.R. 548, 552 (9th Cir. BAP 2001).

Citing to 11 U.S.C. § 707(b)(2)(A)(ii)(I), the Trustee asks this Court to reconsider its decision in *In re Welsh*, Case No. 10-61285, Dkt. 35 (November 16, 2010), and "determine that the Debtors' applicable expense is the Local Standard for their housing expense or their actual expenditure 'whichever is less.' This amount should not be deducted on Line 24 of Form 22C, nor should the Debtors be allowed the deduction for the actual expenditure on Line 47 of the Form." More to the point, the Trustee argues that § 707(b)(2)(A)(ii)(I) limits a debtor's monthly expenses to "the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards[.]" The Trustee reasons:

> The IRM, Section 5.15.1.7, states that the Local Standards1 include expenses for a mortgage (including interest) and loan or lease payments on vehicles. See, IRM, § 5.15.1.7 Paragraph 4(a) and 4(b). National Standards are

5

> applied without questioning the amount actually spent. IRM, § 5.15.1.7 Paragraph 3(A). The Local Standards for housing states "taxpayers are allowed the standard amount for housing and utilities or the amount actually spent, whichever is less." IRM, § 5.15.1.9 Paragraph 1(A). Likewise, the transportation expenditure allows "the full ownership standard amount, or the amount actually claimed and verified by the taxpayer, whichever is less." IRM, Section 5.15.1.9 Paragraph 1(B). "Other expenses" include secured debts if they meet the necessary expense test. IRM, Section 5.15.1.10 Paragraph 3. Thus, the Local Standards allow the "standard" expense based on Bureau of Labor and Census Statistics or the "actual" based on the taxpayer's actual payments and related costs, whichever is less.

Debtors counter that the language of §§ 1325(b)(3) and 707(b)(2)(A) is plain, and that this Court's prior interpretation of 11 U.S.C. § 707(b)(2)(A)(iii) in *Welsh* does not produce an absurd result. Debtors contend the Trustee's position would require debtors in bankruptcy to "surrender their homes and vehicles any time the payments exceeded the IRS standards."

The Trustee's objection to confirmation in *Welsh* was based on the "disposable income" test under § 1325(b)(1)(B) which provides:

> (b)(1) If the trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
>
> \* \* \* \*
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

*McSparran*, 410 B.R. at 668; *Tuss*, 360 B.R. at 690; *Tranmer*, 355 B.R. at 241. The Ninth Circuit explained: "If a trustee or holder of an allowed unsecured claim objects to the confirmation of a plan that does not propose to pay unsecured claims in full, the court may confirm the plan only if the plan provides that all of the debtor's 'projected disposable income' received during the 'applicable commitment period' is applied to make payments under the plan.

6

11 U.S.C. § 1325(b)(1)." *Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868, 872 (9th Cir. 2008).

"Disposable income," as defined at § 1325(b)(2), was significantly changed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) ("BAPCPA"). *Kagenveama*, 541 F.3d at 873 n.2. Section 1325(b)(2) now provides, in pertinent part:

> For purposes of this subsection, "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended —
>
> (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and
>
> (ii) for charitable contributions (that meet the definition of "Charitable contribution" under section 548(d)(3) to a qualified religious or charitable entity or organization (as defined in section 548(d)(4)) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and
>
> (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

*McSparran*, 410 B.R. at 668; *Tuss*, 360 B.R. at 691; *Tranmer*, 355 B.R. at 241-42.

Section 1325(b)(3) states plainly: "Amounts reasonably necessary to be expended under paragraph (2) *shall* be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income [above median] ...." (Emphasis added). In *McSparran* this Court wrote:

> This Court's decision, *In re Kaufman*, 2008 WL 3878005, *4 (Bankr. D. Mont.

7

>2008) cited *Kagenveama* for the proposition that, for above median income debtors, reasonably necessary expenses are calculated using the "Means Test" of § 707(b)(2)(A) and (B). This Court in addition has adopted the analysis from *In re Austin*, 372 B.R. 668, 680-83 (Bankr. D. Vt 2007), that where a debtor is current on a secured obligation that is provided for in Form 22C, the Court refrains from determining whether the expense is reasonable.

410 B.R. at 671. Based upon the above law, this Court, in *Welsh*, confirmed a plan that permitted the debtors to make payments on secured claims, including a $400,000 home, while making only minuscule payments to general unsecured creditors. The Court held in *Welsh* that the Trustee's good faith objection -- based on the debtors' payments on claims secured by an Airsteam trailer, two ATVs and three automobiles – ignored the fact that payments to secured creditors are authorized in the means test at 11 U.S.C. § 707(b)(2)(A)(i) and (iii).

## DISCUSSION

The Court would note that Bank of America's Objection to Confirmation of Plan filed July 8, 2011, is well-taken. Accordingly, the Objection is sustained and confirmation of Debtors' Plan is denied.

As for the Trustee's Objection, the Court agrees that the United States Supreme Court in *Ransom v. FIA Card Services*, N.A., ___ U.S. ___, 131 S.Ct. 716 (2011), specifically determined that it was appropriate to look at the Internal Revenue Manual for guidance:

>Although the statute does not incorporate the IRS's guidelines, courts may consult this material in interpreting the National and Local Standards; after all, the IRS uses those tables for a similar purpose-to determine how much money a delinquent taxpayer can afford to pay the Government. The guidelines of course cannot control if they are at odds with the statutory language. But here, the Collection Financial Standards' treatment of the car-ownership deduction reinforces our conclusion that, under the statute, a debtor seeking to claim this

8

deduction must make some loan or lease payments.[1]

131 S.Ct. at 726. The Supreme Court in *Ransom*, however, did not incorporate the Internal Revenue Service guidelines, but rather, held it was proper to refer to them.

When the language of a statute is plain, the sole function of the courts is to enforce the statute according to its terms unless the disposition required by the text is absurd. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)), *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004). In this case, the Court finds that 11 U.S.C. § 707(b)(2)(A)(iii) is plain.

Moreover, § 707(b)(2)(A)(iii) is more a specific provision that allows debtors to deduct their average monthly payment on account of secured debts. Statutory construction canons require that "[w]here both a specific and a general statute address the same subject matter, the specific one takes precedence regardless of the sequence of the enactment, and must be applied first." *In re Padilla*, 222 F.3d 1184, 1192 (9th Cir. 2000). This Court declines to follow the Trustee's reasoning which runs contrary to basic statutory construction.

---

[1] Because the dissent appears to misunderstand our use of the Collection Financial Standards, and because it may be important for future cases to be clear on this point, we emphasize again that the statute does not "incorporat[e]" or otherwise "impor[t]" the IRS's guidance. Post, at 730, 732 (opinion of SCALIA, J.). The dissent questions what possible basis except incorporation could justify our consulting the IRS's view, post, at 732, n., but we think that basis obvious: The IRS creates the National and Local Standards referenced in the statute, revises them as it deems necessary, and uses them every day. The agency might, therefore, have something insightful and persuasive (albeit not controlling) to say about them.

> Finally, the Trustee overlooks that part of 11 U.S.C. § 707(b)(2)(A)(ii) which reads:
>
> Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts.

Monthly expenses do not include any payments for debts because they are covered by other specific provisions of the Bankruptcy Code.  In this case, Debtors' secured debt payments on their home and automobile are covered, and indeed permitted, by § 707(b)(2)(A)(iii).

Courts must presume that a legislature says in a statute what it means and means in a statute what it says there.  *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241-242, 109 S.Ct. 1026, 1030-31, 103 L.Ed.2d 290 (1989); *In re Jore Corp.,* 298 B.R. 703, 731 (Bankr. D. Mont. 2003).  Section 707(b)(2)(A)(iii) is clear and unambiguous.

The Court reaffirms what it wrote in *Welsh*,

> The Trustee's good faith objection based on their payments to secured claims ignores the fact that payments to secured claims are authorized in the means test at 11 U.S.C. § 707(b)(2)(A)(i) and (iii).  *In re Egebjerg*, 574 F.3d 1045, 1048-49 (9th Cir. 2009) ("In calculating the debtor's current monthly income, § 707(b)(2) permits the debtor to deduct ' the average monthly payments on account of secured debts.'") (Emphasis in original).  The Supreme Court in *Lanning* noted that, for above-median income debtors, the expenses included in § 707(b)(2) are included in the means test. 130 S.Ct. at 2470.  Thus, *Lanning* recognizes that secured claims provided at § 707(b)(2)(A)(iii) are included.  *Id*.  This Court has adopted the analysis from *In re Austin*, 372 B.R. 668, 680-83 (Bankr. D. Vt. 2007), that where a debtor is current on a secured obligation that is provided for in Form 22C, the Court refrains from determining whether the expense is reasonable. *McSparran*, 410 B.R. at 671.

In the case *sub judice*, the Trustee does not challenge whether Debtors are current on their home and auto loans and so, like in *Welsh,* the Court refrains from determining whether Debtors' payments on secured claims are reasonable.

CONCLUSIONS OF LAW

1. This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a).

2. Confirmation of Debtors' Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

3. This Court reaffirms its decision in *In re Welsh* that payments to secured creditors are authorized in the means test at 11 U.S.C. § 707(b)(2)(A)(i) and (iii), and are not limited by the Internal Revenue Service standards.

In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED Bank of America, N.A.'s Objection to Confirmation of Plan filed July 8, 2011, is SUSTAINED; the Trustee's limited Objection to confirmation of Debtors' Chapter 13 Plan, as set forth in the Stipulation filed July 19, 2011, at docket entry no. 29, is OVERRULED; confirmation of Debtors' Chapter 13 Plan dated April 28, 2011, is DENIED; Debtors shall have 14 days from this date to file an amended Chapter 13 plan; and a hearing on confirmation of Debtors' amended Chapter 13 plan shall be held **Tuesday, October 25, 2011, at 09:00 a.m.**, or as soon thereafter as the parties can be heard, in the 5TH FLOOR COURTROOM, FEDERAL BUILDING, 316 NORTH 26TH, BILLINGS, MONTANA.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana